1  TOMAS E. MARGAIN, Bar No. 193555
   HUY TRAN, Bar No. 288196
2  Justice at Work Law Group
   84 West Santa Clara Street, Suite 790
3  San Jose, CA 95113
   Telephone: (408) 317-1100
4  Facsimile: (408) 351-0105
   Tomas@JAWLawGroup.com
5  Huy@JAWLawGroup.com

6  Attorneys for Plaintiff
   SANDRA L. CONNOLLY

7

8

9
                    UNITED STATES DISTRICT COURT
10
                    NORTHERN DISTRICT OF CALIFORNIA
11

12 | SANDRA L. CONNOLLY,         | Case No. 16-2131
13 |                             | **FLSA COMPLAINT**
14 |        Plaintiff,           | Federal FLSA Claim:
   |                             | 1. Failure to Pay Overtime Wages and for All
15 |     v.                      |    Hours Worked (29 U.S.C. §§ 207, 216(b), and
16 | I2a TECHNOLOGIES, INC., a California |    255(a));
   | Corporation, VICTOR A. BATINOVICH, |
17 | an individual,              | California State Claims:
   |                             | 2. Failure to Pay Overtime and for All Hours
18 |        Defendants           |    Worked (California Labor Code §§ 510, 1194,
19 |                             |    1771 and 1774);
   |                             | 3. Waiting Time Penalties (California Labor Code
20 |                             |    § 203); and
   |                             | 4. Wage Stubs and Record Keeping (California
21 |                             |    Labor Code § 226);
22 |                             | 5. Unreimbursed Expenses (California Labor
   |                             |    Code § 2802);
23 |                             | 6. Breach of Contract; and
   |                             | 7. Engaging in Unfair Competition (California
24 |                             |    Business and Professions Code § 17200 *et*
25 |                             |    *seq.*).

26

27

28

**NATURE OF THE CASE**

1. Plaintiff SANDRA L. CONNOLLY (hereinafter referred to as "Plaintiff") alleges against Defendants I2a TECHNOLOGIES, INC., a California Corporation, and VICTOR BATINOVICH, an individual (hereinafter referred to as "DEFENDANTS"), claims for the failure to pay wages, including minimum wage under Federal and California law, related penalties, liquidated damages and reasonable attorneys' fees and costs. Plaintiff seeks compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b); unpaid wages under California Labor Code §§ 510 and 1194; California law waiting time penalties under California Labor Code § 203; penalties under California Labor Code § 1194.2 (minimum wage underpayment); attorneys' fees, costs, and pre-judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b).

2. CONNOLLY worked as a commission sales employee for Defendants from April 2004 until approximately October 2015. She was categorized as an independent contractor. However, she worked full time and exclusively for Defendants, who manufacture semiconductors and related products, on their sales to companies throughout California, the United States and outside the United States. While CONNOLLY telecommuted and lived in Massachusetts while employed by Defendants, her job entailed coordinating with Defendants' California employees and customers both as to the specifications, pricing, and quantity of orders. It also included following up on customer complaints or concerns about orders with Defendants' production employees.

3. The genesis of this claim is that starting in April of 2013, Defendants stopped paying the entire amount of Plaintiff's wages which lead to minimum wage (FLSA) and wage violations. This was done during a time BATNOVICH began, based on information and belief, to lay the groundwork for a plan by which he would stop paying employees and accounts payable while he planned a bankruptcy to further delay paying these obligations.

**SUBJECT MATTER JURISDICTION AND VENUE**

4. This Court is a proper venue, since events giving rise to this lawsuit have occurred in this district.

5. Subject matter jurisdiction of this action of this Court is based upon the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the supplemental jurisdiction of this Court. Defendants' gross sales meet the jurisdictional minimum of the Fair Labor Standards Act and their business involves products that move through interstate commerce.

## PARTIES TO THE ACTION

6. Plaintiff SANDRA L. CONNOLLY is, and was at all relevant times herein, an individual over the age of eighteen. She is a resident of Massachusetts.

7. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant I2a TECHNOLOGIES, INC. is a California corporation authorized to conduct business in the State of California, doing business manufacturing and selling semiconductors and related products.

8. Defendant VICTOR A. BATINOVICH is named as a Defendant, employer, and responsible individual to the claims made because he was Plaintiff's employer under the FLSA economic realities test, engaged in the allegations herein alleged such that they suffered and permitted and controlled Plaintiffs' pay and employment situation, and suffered and permitted Plaintiff to work without any compensation.

9. Plaintiff is informed and believes and thereon alleges that DEFENDANTS employed Plaintiff as a sales person to sell their product to new and existing customers.

## GENERAL ALLEGATIONS

10. DEFENDANTS employed Plaintiff SANDRA L. CONNOLLY as a commissions sales person in 2004.

11. CONNOLLY worked exclusively for Defendants and would typically work 30 to 60 hours a week depending on sales and business needs.

12. DEFENDANTS agreed to pay Plaintiff a commission, expenses for a home office including cell phone and phone expenses, and all travel expenses for her to visit customers in the East Coast, California and Canada. This also included expenses for trips to California to visit DEFENDANTS' production facility.

13. In 2005. CONNOLLY received an offer to work for another similar company as a commission sales person. In conversations with BATINOVICH over this offer, BATINOVICH agreed to include in CONNOLLY's pay a base of $2,500.00 a month. This was called a "Consulting Fee" by BATINOVICH but was essentially a guarantee monthly minimum to which her commission sales total compensation would be added

14. DEFENDANTS compensated Plaintiff for hers labor by paying her 5% of the sale price plus a consulting fee of $2,500.00 a month starting at some point in 2005.

15. Plaintiff's commission sales and consulting fee payments stopped being paid on April 2013. From April 2013 to October 2015, Defendant made various representations about his ability to raise money, problems he was having from venders, and induced Plaintiff to hang in there, continue to make sales so that she could be paid her ever increasing wages.

16. Defendants' characterized Plaintiff as an independent contractor and paid her lump sum payments without payroll deductions. However, the duties CONNOLLY performed for Defendants do not meet the independent contractor test under Federal or California law. This includes, but is not limited, to the following factors:

   a. The sales function performed by Plaintiff was an integral part of Defendants' business as they both manufactured and sold semiconductors and related components;

   b. The consulting function performed by Plaintiff CONNOLLY was an integral part of Defendants' business as she would communicate with customers the specific needs tey needed, would get schematic drawings or other specs for the quantity of parts they needed and then work with Defendants Technical Engineering Manager, or other staff member, to make sure the sale could be fulfilled. CONNOLLY would also have to follow up with customers and Defendants staff on any production issues, including production delay issues, during the course of the sale.

   c. Plaintiff had no opportunity to invest in managerial skills to affect her profit and loss. Specifically, Plaintiff was hired for her shills and ability to contact new and existing customers to sell the components. She was not hired to herself hire a sales staff but to

work on those accounts. The only way she could earn more money was to perform more sales and not by growing her sales department as a separate entity.

   d. Plaintiff had no real investment in facilities or equipment. Other than her phone, fax and home computer, her function was that of sales for Defendants' product. All of these expenses were paid by Defendants. This also included a monthly payment by Defendants to offset health insurance Plaintiff bought.

   e. Plaintiff has limited discretion in the product or price point of the sales. She was essentially a liaison between Defendants' technical staff, management that set prices, and customers.

   f. Plaintiff was a long term employee as she began in 2004 and worked through October 2015. Plaintiff routinely worked 30 to 60 hours a week though the last six months or so of her employment relationship, her hours did decrease to 20 to 30 hours a week primarily because Defendants' production slowed.

   g. Plaintiff did not have any other employers during this time. She worked exclusively for Defendants. In fact, customers of Defendants knew she worked exclusively as a sales representative of I2a. The only exception was the rare times Defendants could not fulfill a certain product, and Defendants wanted to keep that customer, BATINOVICH would ask CONNOLLY to use one of his acquaintances to fulfill that part of the sales order.

   h. Plaintiff also would interact continuously during a work day and work week with Defendants staff primarily the technical staff on aspects of orders. This included times she traveled to both customer locations and I2a's production facility.

   i. Plaintiff is also an employee based on a judicial admission made by Defendants in a bankruptcy filing where Defendants listed as a debt $105,207.00 in wages owed to Plaintiff.

17. Between April 2013 to October 2015 Plaintiffs' wages based on her hours worked fell below Federal and California minimum wage. This lead to both an underpayment in wages and liquidated damages under the FLSA and California.

18. While Discovery is continuing, Plaintiff's unpaid wage and compensation claim is as follows:

| | | | |
|---|---|---|---|
| April Commission | PAST DUE | $5,705.93 | 2013 |
| May Consulting | PAST DUE | $2,500.00 | 2013 |
| May Commission | PAST DUE | $5,998.28 | 2013 |
| June Consulting | PAST DUE | $2,500.00 | 2013 |
| June Commission | PAST DUE | $5,988.83 | 2013 |
| July Consulting | PAST DUE | $2,500.00 | 2013 |
| July Commission | PAST DUE | $4,547.16 | 2013 |
| August Consulting | Past Due | $2,500.00 | 2013 |
| August Commission | Past Due | $2,830.38 | 2013 |
| September Consulting | Past Due | $2,500.00 | 2013 |
| September Commission | Past Due | $2,529.25 | 2013 |
| October Consulting | PAST DUE | $2,500.00 | 2013 |
| October Commission | PAST DUE | $4,832.22 | 2013 |
| November Consulting | PAST DUE | $2,500.00 | 2013 |
| November Commission | PAST DUE | $1,154.98 | |
| December Consulting | PAST DUE | $2,500.00 | 2013 |
| December Commission | PAST DUE | $4,784.27 | |
| January Consulting | PASTDUE | $2,500.00 | 2014 |
| January Commission | PAST DUE | $4,834.71 | |
| February Consulting | PAST DUE | $2,500.00 | 2014 |
| February Commission | PAST DUE | $1,469.47 | |
| March Consulting | PASTDUE | $2,500.00 | 2014 |
| March Commission | PAST DUE | $4,658.69 | |
| April Consulting | PAST DUE | $2,500.00 | 2014 |
| April Commission | PAST DUE | $4,507.46 | |

6
COMPLAINT

| Item | Status | Amount | Year |
|---|---|---|---|
| May Consulting | PASTDUE | $2,500.00 | 2014 |
| May Commission | PAST DUE | $2,654.13 | |
| June Consulting | PASTDUE | $2,500.00 | 2014 |
| June Commission | PAST DUE | $3,788.10 | |
| July Consulting | PASTDUE | $2,500.00 | 2014 |
| July Commission | PAST DUE | $3,589.52 | |
| August Consulting | PASTDUE | $2,500.00 | 2014 |
| August Commission | PAST DUE | $2,070.06 | |
| September Consulting | PASTDUE | $2,500.00 | 2014 |
| September Commission | PAST DUE | $1,992.03 | |
| October Consulting | PAST DUE | $1,250.00 Balance Due | |
| October Commission | PAST DUE | $ 1,885.26 | |
| October Expenses | | $   239.99 | |
| January Commission | PAST DUE | $2,849.03 | 2015 |
| February Commission | PAST DUE | $3,232.01 | 2015 |
| March Commission | PAST DUE | $2,247.69 | 2015 |
| April Commission | PAST DUE | $2,890.66 | 2015 |
| May Commission | PAST DUE | $1,333.09 | 2015 |
| June Consulting | PAST DUE | $2,500.00 | 2015 |
| June Commission | PAST DUE | $  298.20 | |
| June Expenses | PAST DUE | $  235.34 | |
| July Consulting | PAST DUE | $2,500.00 | 2015 |
| July Commission | PAST DUE | TBD | |
| July Expenses | PAST DUE | $  235.81 | |
| August Consulting | PAST DUE | $2,500.00 | 2015 |
| August Commission | | TBD | |
| August Expenses | | $  237.94 | |

| | | | |
|---|---|---|---|
| September Consulting | PAST DUE | $2,500.00 | 2015 |
| September Commission | | TBD | |
| | | | |
| October Consulting | | $2,500.00 | 2015 |
| October Commission | | TBD | |
| | | | |
| Medical 10/1-10/31/14 | | $ 280.00 Bal Owed | |
| Medical 6/1-6/30/15 | | $ 560.00 | |
| Medical 7/1-7/31/15 | | $ 560.00 | |
| Medical 8/1-8/31/15 | | $ 560.00 | |
| Medical 9/2-9/30/15 | | $ 560.00 | |
| Medical 10/1-10/31/15 | | $ 560.00 | |
| | | | |
| | **TOTAL** | **$142,950.49** | |

19. While employed by Defendants, Plaintiff had certain expenses for a phone, cell phone, and other home office expenses including travel expenses and she was not reimbursed. Said expenses were incurred for her to be able to discharge her job duties. Defendants have failed to indemnify Plaintiff for those expenses.

## COUNT ONE
## FEDERAL CLAIM
*Violation of the Fair Labor Standards Act*
*29 U.S.C. §§ 206, 216(b), and 255(a)*
*Failure to Pay Minimum Wages and for All Wages Due and Owing*

20. Plaintiff incorporates by reference as though fully set forth herein each of the above allegations.

21. At all relevant times herein, Plaintiff's employment was subject to the provisions of the FLSA.

22. Defendants operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

23. Defendants routinely required and/or suffered or permitted Plaintiff to work without the payment of minimum wages.

24. In failing to pay Plaintiff all wages including minimum wage, DEFENDANTS willfully violated the FLSA.

25. As a direct and proximate result of DEFENDANTS' failure to pay Plaintiff's proper wages under the FLSA, Plaintiff incurred general damages in the form of lost wages, including minimum wages, in an amount to be proved at trial.

26. DEFENDANTS intentionally, with reckless disregard for its responsibilities under the FLSA, and without good cause, failed to pay Plaintiff his proper wages, and DEFENDANTS are thus liable to Plaintiff for liquidated damages in an amount equal to his lost wages over a three year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

27. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorneys' fees pursuant to the FLSA.

## COUNT TWO
## SUPPLEMENTAL STATE CLAIM
*Violation of California Labor Code Section §§ 510, 1194, and 218.5*
*Failure to Pay Minimum Wage and for All Hours Worked*

28. Plaintiff incorporates by reference as though fully set forth herein each of the above allegations.

29. At all times mentioned herein, DEFENDANTS, collectively and individually, were subject to the minimum wage requirements of the State of California pursuant to California Labor Code § 1194. Pursuant to the California Labor Code, DEFENDANTS, collectively and individually, had a duty to pay their employees, including Plaintiff, not less than the minimum required hourly rate of pay and all wages due and owing.

30. The failure to pay any compensation subjects DEFENDANTS, collectively and individually, to an assessment of the unpaid wage difference pursuant to California Labor Code § 1194.2.

31. At all times mentioned herein, DEFENDANTS, collectively and individually, were subject to the wage laws of the State of California. Pursuant to California Labor Code § 1194, DEFENDANTS had a duty to pay their employees, including Plaintiff, for all hours worked.

32. Plaintiff is informed and believes and based thereon alleges that DEFENDANTS, collectively and individually, violated California Labor Code §§ 1194 and 1194.2 specifically by failing and refusing to comply with their duty to pay Plaintiff for all hours worked as required by statute.

33. As a result of DEFENDANTS' violation of statutory duties, as more fully set forth above, Plaintiff earned but was not paid wages in an amount above the jurisdictional limits of this court.

34. Plaintiff is entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

35. Plaintiff seeks and is entitled to an assessment of the unpaid minimum wage under California Labor Code § 1194.2.

36. Defendants also failed to pay all wages under Labor Code § 218.5.

37. Defendants are liable for unpaid interest under California law.

38. Plaintiff has incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demand such reasonable attorneys' fees and costs as set by the court.

## COUNT THREE
## SUPPLEMENTAL STATE CLAIM
*Violation of California Labor Code § 203*
*Waiting Time Penalties*

39. Plaintiff incorporates by reference as though fully set forth herein each of the above allegations.

40. Plaintiff is a former employee of DEFENDANTS, who was discharged or quit. Plaintiff is informed and believes and thereon alleges that DEFENDANTS owed her unpaid wages at the conclusion of her employment.

41. Plaintiff is informed and believes and thereon alleges that within the last four years, DEFENDANTS willfully failed to pay Plaintiff's claims for compensation due to him as set forth above, and as required by California Labor Code § 201 and 202. Under California Labor Code § 203, DEFENDANTS, collectively and individually, are liable to Plaintiff for a penalty of thirty days' wage at the legally required prevailing wage rate.

42. Plaintiff has incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demand such reasonable attorneys' fees and costs as set by the court.

## COUNT FOUR
## SUPPLEMENTAL STATE CLAIM
*Labor Code § 2802*
*Failure to Reimburse Business Expenses*

43. Plaintiff incorporates by reference as though fully set forth herein each of the above allegations.

44. During the course of Plaintiff's employment with Defendants, she incurred expenses such as phone, office and travel expenses.

45. Said expenses were necessary for Plaintiff to discharge her duties.

46. Defendants have failed to indemnity Plaintiff for the foregoing work related expenses.

47. Plaintiff seeks an award of reasonable expenses incurred while employed by Defendants as well as his attorneys' fees and costs.

### COUNT FIVE
### SUPPLEMENTAL STATE CLAIM
*Violation of California Business and Professions Code § 17200 et seq.*
*Engaging in Unfair Competition*

48. Plaintiff incorporates by reference as though fully set forth herein each of the above allegations.

49. At all times relevant herein, Plaintiff's employment with DEFENDANTS was subject to the California Labor Code and Industrial Welfare Commission ("IWC") Wage Order 4-2001, which required all employees to be paid at an minimum wage for work performed. Said laws also required payment for all wages due and owing.

50. At all times relevant herein, DEFENDANTS were subject to the California Unfair Trade Practice Act, Bus. & Prof. Code § 17200 *et seq*. DEFENDANTS failed to pay Plaintiff her wages as required by state and federal laws. Plaintiff is entitled to those wages, which DEFENDANTS kept to themselves.

51. In doing so, DEFENDANTS engaged in unfair competition by committing acts prohibited by the California Labor Code and applicable IWC Wage Order. Such acts gave DEFENDANTS a competitive advantage over other employers and businesses in the construction industry who were in compliance with the law.

52. As a direct and proximate result of DEFENDANTS' violations and failure to pay the required wages, Plaintiff's rights under the law were violated, and he suffered in the form of unpaid wages in an amount to be proved at trial.

53. DEFENDANTS have been aware of the existence and requirements of the Unfair Trade Practice Act and the requirements of the California Labor Code and IWC Wage Order 16-2001, but knowingly, willfully, and intentionally failed to pay Plaintiff.

54. Plaintiff has been illegally deprived of her wages and herein seek restitution of those wages pursuant to California Business and Professions Code § 17203.

## COUNT SIX
## SUPPLEMENTAL STATE CLAIM

*Breach of Contract*

55. Plaintiff incorporates by reference as though fully set forth herein each of the above allegations.

56. Plaintiff and Defendants entered into an oral contract that Plaintiff would provide services as a sales person to various customers of Defendants.

57. During the statute of limitations of this action, the operative terms of the contract was that Plaintiff would receive a 5% commission of her sales plus a monthly fee of $2,500.00. The compensation also called for medical insurance payments and business expenses to be paid by Defendants.

58. Beginning in April of 2013, Defendants breached the contract by not paying all some dues and owing as alleged above.

59. Plaintiff fulfilled all conditions precedent to receive the compensation on the contract.

60. Wherefore Plaintiff seeks the sums plead above plus the sums for the commission sales for months which she was unable to determine based on her records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. For an order awarding Plaintiff compensatory damages, including but not limited to wages, earnings, and other compensation, according to proof, and interest on these amounts;

2. For liquidated damages per the FLSA equal to unpaid minimum wages;

3. For liquidated damages per California Labor Code § 1194.2 equal to unpaid California minimum wage;

4. For earned but unpaid wages as equitable relief under the Unfair Competition Act over a 4-year statute of limitations;

5. For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under California Labor Code §§ 201-204, 210, 211, 226(e), 226.3 and 226.7(b), together with interest on these amounts;

6. For pre-judgment interest of 10% on the unpaid overtime compensation under California Labor Code §§ 1194(a);

7. For "waiting-time" penalties under California Labor Code § 203;

8. For a an extension of the FLSA statute of limitations to three years;

9. For reasonable attorneys' fees pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b) of the FLSA, and/or other applicable law;

10. For unpaid sums based on a breach of contract theory;

11. For costs of suit herein; and

12. For such other and further relief as the Court may deem appropriate.

Dated: April 21, 2016

//s// Tomas E. Margain
Tomas E. Margain
JUSTICE AT WORK LAW GROUP
Attorneys for Plaintiff
SANDRA L. CONNOLLY