**STEVEN P. COHN, ESQ.   SBN 96808**
**SEAN BOTHAMLEY, ESQ.   SBN 300100**
ADVOCACY CENTER FOR EMPLOYMENT LAW
2084 Alameda Way
San Jose, CA 95126
Telephone: (408) 557-0300
Facsimile: (408) 557-0309

Attorneys for Third-Party Plaintiff
VICTOR BATINOVICH

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA L. CONNOLLY,<br><br>    Plaintiff,<br><br>    vs.<br><br>i2a TECHNOLOGIES, INC., a California Corporation, VICTOR BATINOVICH, an individual.<br><br>    Defendants.<br><br>VICTOR BATINOVICH,<br><br>    Third-Party Plaintiff,<br><br>    vs.<br><br>AIPAC, INC., a California Corporation; TRI HOANG GROUP dba SEAR INSTITUTE, an unknown business entity; TRI MINH HOANG, an individual; and DOES 1-20.<br><br>    Third-Party Defendants. | Case No.: 4:16-cv-2131<br><br>**THIRD-PARTY COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

THIRD-PARTY PLAINTIFF VICTOR BATINOVICH, INC., (hereinafter, "Third-Party Plaintiff"), hereby alleges the following third-party claims as against AIPAC, Inc., Tri Hoang Group dba Sear Institute, Tri Minh Hoang, and DOES 1-20:

**PARTIES**

1. On information and belief, Third-Party Defendant AIPAC, Inc., (hereinafter, "AIPAC"), at all times relevant, is and was a California corporation, authorized to do business in the state of California, and committed the actions and inactions as hereinbelow alleged in California.

2. On information and belief, Third-Party Defendant TRI HOANG GROUP dba SEAR INSTITUTE, an unknown business entity, (hereinafter, "THG"), at all times relevant, is and was a business entity, form unknown, authorized to do business in the state of California, and committed the actions and inactions as herein alleged below in California.

3. On information and belief, Third-Party Defendant Tri Minh Hoang, (hereinafter, "Hoang)", at all times relevant, is and was the owner, CEO, and president of AIPAC and THG, acted as and was the authorized agent for AIPAC and THG, and committed the actions and inactions as herein alleged below in California.

4. Third-Party Plaintiff is presently unaware of the true names and capacities of Third-Party Defendants sued herein as DOES 1-20, inclusive, and therefore sue these Third-Party Defendants by such fictitious names. Third-Party Plaintiff will amend these third-party claims to allege their true names and capacities when ascertained. Each of the fictitiously named Third-Party Defendants is responsible in some manner for the occurrences herein alleged, Third-Party Plaintiff's damages were proximately caused by such Third-Party Defendants, and the actions herein alleged against said Third-Party Defendants were committed in California.

5. Each Third-Party Defendant is and was, at all times relevant, the agent, servant, employee, co-conspirator, sponsor, or joint venturer of each remaining Third-Party Defendant, and at all times relevant was acting within the course and scope of said agency, service, employment, co-conspiracy, sponsorship, and joint venture, and are legally responsible, vicariously or otherwise, for Third-Party Plaintiff's losses as hereinbelow set forth.

6. Each Third-Party Defendant knowingly adopted and ratified the conduct set forth herein below of each other Third-Party Defendant as its own.

**JURISDICTION AND VENUE**

7. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal-question jurisdiction), and pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction), as the claims are so related to the federal questions raised, and the ability for Plaintiff to recover in the underlying action for Plaintiff's own claims, that they form part of the same case and controversy under Article III of the United States Constitution.

8. Venue lies in the United States District Court for the Northern District of California under 28. U.S.C. § 1391(b) because AIPAC's headquarters is located in Fremont, California, within this judicial district, and a substantial part of the acts or omissions giving rise to the claims in this action occurred in this district.

**FIRST CAUSE OF ACTION**

**(Fraud)**

**As against all Third-Party Defendants**

9. Third-Party Plaintiff incorporates herein by reference each of the preceding paragraphs as though set forth in full.

10. Third-Party Plaintiff was, at all times relevant, the exclusive shareholder of Defendant i2A Technologies, Inc., which was an ongoing technology company in the Silicon Valley with capital equipment for chip manufacturing, valued at over $20,000,000.00, along with trained technical and sales staff, customer good will, and confidential and proprietary information.

11. Third-Party Defendants made verbal representations to Third-Party Plaintiff that, in exchange for transferring the assets of Third-Party Plaintiff's business, i2A Technologies, Inc. to Third-Party Defendants, and Third-Party Plaintiff's further work in assisting with the operations of AIPAC after this transfer, Third-Party Plaintiff would receive equity and/or an ownership interest in AIPAC according to proof, a management position overseeing operations of AIPAC's new acquisition of i2A Technologies, Inc.,  monetary compensation according to

proof, and AIPAC's assumption of Third-Party Plaintiff's and i2A Technologies, Inc.'s liabilities related to this business, including liabilities raised in the Complaint filed in this action, and in *Perez v. i2A Technologies, Inc., et al.*, Case No. 3:15-cv-4963, (hereinafter, "DOL Action", and the resulting judgment, therein), which the Court is asked to take judicial notice of. These misrepresentations of material fact were intentionally made by Third-Party Defendants to Third-Party Plaintiff to induce Third-Party Plaintiff's reasonable, foreseeable reliance on said representations, to induce Third-Party Plaintiff into transferring the aforementioned assets to Third-Party Defendants, entering into a *de facto* sale of i2A Technologies, Inc. to Third-Party Defendants, and to induce Third-Party Plaintiff into performing services for Third-Party Defendants without agreed return consideration.

12. Third-Party Plaintiff was induced into relying on, and did reasonably rely on, Third-Party Defendants' misrepresentations to Third-Party Plaintiff's detriment. Such reliance included Third-Party Plaintiff's transferring the capital assets and staffing resources of i2A Technologies, Inc. to Third-Party Defendants, and Third-Party Plaintiff's further work in assisting with the operations of AIPAC after this transfer.

13. At all times relevant, Third-Party Defendants knew that the representations they made to Third-Party Plaintiff were false, and never intended to provide the agreed upon consideration to Third-Party Plaintiff as represented, and did not so provide same to Third-Party Plaintiff. Nor did Third-Party Defendants pay wages to i2A Technologies, Inc.'s staff, as agreed, proximately causing Third-Party Plaintiff to be sued for wages and penalties in this action and the DOL Action.

14. As a direct and proximate result of said misrepresentations by Third-Party Defendants and said reliance by Third-Party Plaintiff, Third-Party Plaintiff was caused to suffer general and special damages in amounts according to proof and in excess of this court's minimum jurisdictional limits.

15. Third-Party Defendants, and each of them, at all times relevant, acted with malice and ill will, intending to and actually harming Third-Party Plaintiff, entitling Third-Party Plaintiff to recover exemplary and punitive damages in amounts according to proof.

WHEREFORE, Third-Party Plaintiff seeks relief as hereinbelow set forth.

## SECOND CAUSE OF ACTION

**(Breach of Oral Contract)**

**As against all Third-Party Defendants**

16. Third-Party Plaintiff incorporates herein by reference each of the preceding paragraphs as though set forth in full.

17. In or about late December, 2015 and early January, 2016, Third-Party Defendants entered into a verbal agreement with Third-Party Plaintiff whereby, in exchange for transferring the capital assets and staffing resources of Third-Party Plaintiff's business, i2A Technologies, Inc. to Third-Party Defendants, and Third-Party Plaintiff's agreement to perform services in assisting with the operations of AIPAC after this transfer, Third-Party Plaintiff would receive equity and/or an ownership interest in AIPAC according to proof, a management position overseeing operations of AIPAC's new acquisition, monetary compensation according to proof, and AIPAC's assumption of Third-Party Plaintiff's and i2A Technologies, Inc.'s liabilities, including wage liabilities raised by Plaintiff in the Complaint filed in this action and in the DOL Action.

18. Third-Party Plaintiff fully performed his obligations under this verbal agreement, in that Third-Party Plaintiff transferred the said assets of Third-Party Plaintiff's business, i2A Technologies, Inc. to Third-Party Defendants, and performed further work as requested in assisting with the operations of AIPAC after this transfer.

19. Third-Party Defendants, in violation of the explicit promises contained in said contract, accepted assets, staffing, and services from Third-Party Plaintiff, and then breached this agreement by failing to provide the said bargained-for consideration to Third-Party Plaintiff within two (2) years of the filing of this Third-Party Complaint.

20. As a direct and proximate result of Third-Party Defendants' breach of contract, Third-Party Plaintiff was caused to suffered extreme financial losses in the form of lost revenues, legal exposure for unpaid wage, attorneys' fees, as well as other general and special damages and

costs, in amounts according.

WHEREFORE, Third-Party Plaintiff seeks relief as hereinbelow set forth.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment)
### As against all Third-Party Defendants

21. Third-Party Plaintiff incorporates herein by reference each of the preceding paragraphs as though set forth in full.

22. Third-Party Defendants obtained a benefit from the services, equipment, and goods provided by Third-Party Plaintiff to Third-Party Defendants, and each of them. Third-Party Defendants failed to compensate Third-Party Plaintiff, as reasonably expected by Third-Party Plaintiff, for the services, equipment, and goods they were provided by Third-Party Plaintiff. Third-Party Defendants have therefore unfairly obtained said benefits from the services, equipment, and goods provided to them by Third-Party Plaintiff.

23. The circumstances described above render the retention of such benefits by Third-Party Defendants unjust, mandating that said benefits be disgorged, or that Third-Party Defendants compensate Third-Party Plaintiff for the reasonable valued of said benefits conferred.

24. Third-Party Plaintiff is entitled and hereby makes demand upon Third-Party Defendants to pay damages equal to all sums and benefits secured by Third-Party Defendants by way of unjust enrichment, in amounts according to proof and in excess of this court's minimum jurisdictional limits

WHEREFORE, Third-Party Plaintiff seeks relief as hereinbelow set forth.

### FOURTH CAUSE OF ACTION
### (Conversion)
### As against all Third-Party Defendants

25. Third-Party Plaintiff incorporates herein by reference each of the preceding paragraphs as though set forth in full.

26. After Third-Party Plaintiff transferred i2A Technologies, Inc.'s assets to Third-Party Defendants, this equipment was stored on property in the control of Third-Party Defendants. Third-Party Plaintiff also stored other personal property and equipment at this property, including Third-Party Plaintiff's personal computer, with the permission of Third-Party Defendants.

27. In or about June of 2016, Third-Party Defendants prohibited Third-Party Plaintiff from returning to their property, and prohibited Third-Party Plaintiff from removing his personal property and equipment from their property, including, initially, Third-Party Plaintiff's personal computer. Third-Party Plaintiff was also prohibited from removing the equipment that Third-Party Defendants fraudulently procured from Third-Party Plaintiff, as detailed above. Third-Party Plaintiff was able to recover his personal computer afterwards, but discovered that Third-Party Defendants had accessed, erased and/or corrupted approximately 80% of the data on the device, most of which involved the subject agreements and fraudulent representations Third-Party Defendants made with and to Third-Party Plaintiff, as herein alleged.

28. Third-Party Defendants willfully interfered with Third-Party Plaintiff's rights to personal property by keeping for themselves, without authorization, Third-Party Plaintiff's equipment, and by intentionally spoiling evidence of the agreements and representations they made with and to Third-Party Plaintiff regarding their business relationship.

29. At all times relevant, Third-Party Defendants were aware that they were not authorized to receive, keep, or destroy Third-Party Plaintiff's personal property.

30. Third-Party Defendants intentional and deceitful acts enabled it to receive, use, and dispose of the Third-Party Plaintiff's personal property in a manner inconsistent with Third-Party Plaintiff's property rights.

31. Third-Party Defendants, and each of them, at all times relevant, acted with malice and ill will, intending to and actually harming Third-Party Plaintiff, entitling Third-Party Plaintiff to recover exemplary and punitive damages in amounts according to proof.

32. Third-Party Defendants' unauthorized conduct directly and proximately caused substantial financial harm to Plaintiff in amounts of at least $12,000,000.

Third-Party Complaint
Page 7

WHEREFORE, Third-Party Plaintiff seeks relief as hereinbelow set forth.

## FIFTH CAUSE OF ACTION

**(Declaratory Relief Against all Third-Party Defendants)**

**As against all Third-Party Defendants**

33. Third-Party Plaintiff incorporates herein by reference each of the preceding paragraphs as though set forth in full.

34. An actual controversy has arisen between Third-Party Plaintiff and Third-Party Defendants, and each of them, with respect to the rights, obligations and duties of the parties: (a) Third-Party Plaintiff contends that he is without fault, responsibility or blame for any of the damages which the Plaintiff may have suffered. If there any damages, the liability for same was assumed by Third-Party Defendants incident to Third-Party Defendants' purchase of i2A Technologies, Inc. and its liabilities. Third-Party Plaintiff contends that he is entitled to indemnity from Third-Party Defendants, and each of them. (b) Third-Party Plaintiff is informed and believes and thereon alleges that the Third-Party Defendants, and each of them contend to the contrary.

WHEREFORE, Third-Party Plaintiff seeks relief as hereinbelow set forth.

## SIXTH CAUSE OF ACTION

**(Equitable Indemnity)**

**As against all Third-Party Defendants**

35. Third-Party Plaintiff incorporates herein by reference each of the preceding paragraphs as though set forth in full.

36. Third-Party Plaintiff contends that he is in no way legally responsible for the damages alleged in Plaintiff's Complaint and in the DOL Action. However, if, as a result of the matters alleged in Plaintiff's Complaint, Third-Party Plaintiff is held liable for all or any part of Plaintiff's alleged damages, Third-Party Defendants, and each of them, to the extent that their fault or other bases is determined by the court, are obligated to reimburse and to indemnify

Third-Party Plaintiff for all or any liability in this action and in the DOL Action so assessed by way of contribution, and Third-Party Plaintiff accordingly asserts herein such right to contribution, indemnity, and equitable indemnity.

WHEREFORE, Third-Party Plaintiff seeks relief as hereinbelow set forth.

## **PRAYER**

WHEREFORE, Third-Party Plaintiff prays for judgment against Third-Party Defendants, and each of them, as follows:

1. For an Order awarding general damages in amounts according to proof;
2. For an Order awarding special damages in amounts according to proof;
3. For an Order awarding pre-judgment interest at the legal rate;
4. For an Order awarding exemplary and punitive damages in amounts according to proof under the First and Fourth Causes of Action;
5. For an Order of Replevin and that Third-Party Defendants disgorge Third-Party Plaintiff's and i2A Technologies, Inc.'s property unjustly procured;
6. For an Order that Third-Party Defendants return their derivative sales proceeds from the use or sale of Third-Party Plaintiff's property, that such Third-Party Defendants hold as a constructive or involuntary trustee, and all profits derived from them, as well as placing Third-Party Defendants' business entities, themselves, and related Doe entities, according to proof, in a constructive trust for the sole benefit and ownership of Third-Party Plaintiff;
7. For an Order declaring Third-Party Plaintiff is entitled to indemnity from Third-Party Defendants with regards to Plaintiff's claims and the DOL Action against Third-Party Plaintiff, and ordering Third-Party Defendants to reimburse all liability so assessed against Third-Party Plaintiff by way of contribution;
8. For an Order equitably reforming the agreement between Third-Party Plaintiff and Third-Party Defendants according to proof and conforming to the reasonable expectations of Third-Party Plaintiff.
9. For an Order awarding Third-Party Plaintiff's costs of this action; and

10. For an Order awarding such other and further relief as the Court deems just and prudent.

Dated: November 4, 2016         ADVOCACY CENTER FOR EMPLOYMENT LAW

By:   /s/ Steven P. Cohn, Esq.
         STEVEN P. COHN, ESQ.
         SEAN BOTHAMLEY, ESQ.
         Attorneys for Third-Party Plaintiff
         VICTOR BATINOVICH