UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA L. CONNOLLY,<br><br>       Plaintiff,<br><br>    v.<br><br>VICTOR A. BATINOVICH,<br><br>       Defendant. | Case No. 16-cv-02131-DMR<br><br>**ORDER REQUESTING SUPPLEMENTAL DOCUMENTATION FOR FEBRUARY 21, 2018 ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 71 |

On February 21, 2018, the court ordered pro se Defendant Victor A. Batinovich to show cause in writing by March 7, 2018 explaining why he should not be sanctioned for failing to appear at the February 21, 2018 Case Management Conference ("CMC"). [Docket No. 71].

On March 8, 2018, a day after his response was due, Mr. Batinovich sent an e-mail to the court's Courtroom Deputy attaching (1) a letter purporting to explain his failure to attend the February 21, 2018 Case Management Conference, and (2) a note from Dr. Devang Shah. Although parties must file all documents in the record for the court's consideration, the court will file Mr. Batinovich's March 8, 2018 submission into the record and will consider it as his response to the order to show cause. [Docket No. 74]. However, Mr. Batinovich is forewarned that he must file all future submissions. Any e-mailed submissions will be ignored.

Having reviewed the March 8, 2018 submission, the court finds it deficient. Neither of the two documents explains why Mr. Batinovich failed to appear at the February 21, 2018 CMC. Both documents are suspiciously vague on important facts and details. In the March 8, 2018 letter, Mr. Batinovich states that while he was cutting a tree, he had "an accident" which required him to seek the care of Dr. Shah. However, he does not state the date of the accident, so it is unclear whether this accident has any temporal relevance to the February 21, 2018 CMC. Nor does he describe what occurred during the accident that prevented him from attending the

February 21, 2018 CMC. In the letter, Mr. Batinovich also represents that he is not fit to actively participate in this case and requests a 6-month postponement or stay of this case so that he can undergo a program to treat what he claims is "deep depression." He does not attach any documents supporting his claim that he suffers from depression, that he has embarked on a treatment program, or that his depression renders him incapable of participating in this case for any amount of time, let alone 6 months. In the absence of any supporting proof, these statements appear to be little more than a self-assessment of his condition, which is neither competent nor persuasive.

Dr. Shah's note is also cryptic. Dr. Shah indicates that Mr. Batinovich "is under [his] care" and "is unable to return to work until . . . ," but does not provide a return-to-work date. Dr. Shah also does not state the condition for which Mr. Batinovich is receiving treatment, or the length of treatment. Dr. Shah adds that "Patient has been under my care and he continues to be under our care," but does not provide any further details.

In sum, neither of these documents adequately explains Mr. Batinovich's failure to appear at the February 21, 2018 CMC. Nor do they support his request for a 6-month postponement or stay of this case.

In the interest of having a full record, the court provides Mr. Batinovich with **one final opportunity** to submit additional documentation explaining his failure to appear at the February 21, 2018 CMC. Mr. Batinovich must submit documentation specifically explaining why he failed to appear at the February 21, 2018 CMC <u>by no later than March 26, 2018</u>. Further failure to provide a timely and adequate response to the February 21, 2018 order to show cause may result in sanctions, including the striking of Mr. Batinovich's Answer, and entering default judgment against him.

**IT IS SO ORDERED.**

Dated: March 19, 2018



_____
Donna M. Ryu
United States Magistrate Judge

2