1  TOMAS MARGAIN, Bar No. 193555
   HUY TRAN, Bar No. 288196
2  Justice at Work Law Group
   84 W. Santa Clara St., Ste. 790
3  San Jose, CA 95113
   Tel: (408) 317-1100
4  Fax: (408) 351-0105
   Tomas@JAWLawGroup.com
5  Huy@JAWLawGroup.com

6  Attorneys for Plaintiff

                UNITED STATES DISTRICT COURT

                NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA L. CONNOLLY, | **Case No.:** 5:16-cv-02131-DMR |
| Plaintiff, | **FURTHER CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. | |
| I2a TECHNOLOGIES, INC., a California Corporation, VICTOR A. BATINOVICH, an individual, | **Date:** June 6, 2018<br>**Time:** 1:30 PM |
| Defendants, | |
| VICTOR BATINOVICH, | |
| Third-Party Plaintiff, | |
| vs. | |
| AIPAC, INC., a California Corporation; TRI HOANG GROUP dba SEAR INSTITUTE, an unknown business entity; TRI MINH HOANG, an individual; and DOES 1-20. | |
| Third-Party Defendants. | |

   PLAINTIFF SANDRA L. CONNOLLY hereby submits this FURTHER CASE MANAGEMENT STATEMENT.

   1. The parties attended a Settlement Conference on October 16, 2017 with the Honorable Nathanael Cousins and were unable to resolve the matter.
   2. A Pretrial Conference is set for September 19, 2018 at 3:00 pm.

3. A 2-day bench trial is set for October 1, 2018 at 9:00 am

4. Defendant VICTOR A. BATINOVICH had made a request to postpone the trial 6 months and the request was denied by this Court.

5. Defendant BATINOVICH is now making a second request to postpone the proceedings. Attached as Exhibit A is a true and correct copy of a letter written by Defendant BATINOVICH to the Court.

6. After receiving notice from Defendant BATINOVICH about the bankruptcy filings, Plaintiff's counsel performed some brief investigation on PACER into what appear to be four bankruptcy filings filed by Defendant BATINOVICH and his spouse. In total three chapter 13s were filed and one Chapter 11 from approximately November 2017 to January 2018. All cases have been dismissed.

7. At no time was Plaintiff's counsel aware of these filings as he would have filed notices of stay with this Court.

8. The bankruptcy filings were made to avoid what appear to be one or possibly two foreclosure attempts by a secured creditor. As part of the investigation, Plaintiff's counsel learned that at least one of the Chapter 13 cases was dismissed because too much money was owed.

9. From the bankruptcy filings, the following is clear. Defendant BATINOVICH has about 2.7 million dollars in secured debt. The only asset is their primary residence worth per the website Zillow $2.7 to 2.8 million.

10. While Plaintiff's counsel is not in a position to advise Defendant BATINOVICH and does not practice bankruptcy law, it appears that Defendant BATINOVICH is a candidate for a Chapter 7 bankruptcy to both have more control over the sale of his house and to attempt to take a credit in Chapter 7 for the homestead. Again, this is just an observation by Plaintiff's counsel and in no way advice or an opinion. This is brought to the Court's attention only to represent that if Defendant BATINOVICH files for Chapter 7 bankruptcy protection obviously this case and the October trial will not go forward.

11. While I reviewed at least twenty bankruptcy filings, I am attaching as Exhibit B a memorandum of points and authorities in the case of *In re ANN BATINOVICH*, CAND 18-50126-SLJ USBC NDCA-Division 5. This memorandum, provides background on the proceedings and totals the secured debt at $2,721,246.94. I have also reviewed declarations itemizing the debt and attaching exhibits documenting the secured debt.

12. Lastly, Plaintiff's counsel is in e-mail contact with Defendant BATINOVICH, they have exchanged multiple emails regarding the contents of this statement.

Dated: May 30, 2018            //s Tomas E. Margain
                                             TOMAS MARGAIN
                                             Counsel for Plaintiff